UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KEVIN ERNST DUCLAIRON,              No. 3:12-cv-01753-HU

    Plaintiff,                                   **FINDINGS AND RECOMMENDATION**

    v.

GABRIELLE FRANKLIN et al.,

    Defendant.

HUBEL, Magistrate Judge:

    Before the court is plaintiff Kevin Ernst Duclairon's ("Plaintiff") application (Docket No. 1) to proceed *in forma pauperis*. Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Findings and Recommendation. For the reasons stated herein, Plaintiff's complaint should be dismissed.

## Analysis

    Plaintiff brought this civil rights action against Gabrielle Franklin, Guy Franklin, John MacArthur, Melinda MacArthur, and "the gay community/ Klan community." (Compl. at 2.) On the second page of his complaint, Plaintiff refers to Gabrielle Franklin and

Page 1 - FINDINGS AND RECOMMENDATION

Melinda MacArthur as "voice[s] in my head." (*Id*.) Plaintiff attempts to invoke federal question jurisdiction by claiming "Franklin [and] MacArthur" violated his constitutional rights by using the "gay Klan community" to force him to "live . . . the life of a homosexual, and raped fornicator with HIV." (*Id.* at 3.) Apparently, Plaintiff has "already lost this case in Seattle and twice in Portland seeking a stalking order [and] restraining order." (Mot. Appointment Counsel at 1.) The court could not find any previously filed federal cases by Plaintiff in the District of Oregon or the Western District of Washington on the Federal Judicial Public Access to Court Electronic Records ("PACER") Service. However, a search of the Washington state court database reveals at least two cases from King County Superior Court where Plaintiff unsuccessfully petitioned the court for an order to protect him from harassment and had his case dismissed.

    It is well settled that district courts must dismiss an *in forma pauperis* action if it (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (concluding that § 1915(e)(2)(B) applies to non-prisoners). In *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 727 (1992), the Supreme Court explained that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Put another way, a case may be dismissed as

Page 2 - FINDINGS AND RECOMMENDATION

factually frivolous when the facts alleged are "clearly baseless." *Id.* at 32.

Plaintiff's allegations, on their face, are irrational to say the least. For example, under his first claim for relief, Plaintiff alleges that he is being "terroriz[ed] . . . mentally by voice" and raped nightly in his sleep. (Compl. at 3.) Plaintiff also claims that the "gay and Klan community" have been watching him, and that Gabrielle and Guy Franklin "demand[ed] slavery, submission, ma[de] death threats, [and] demand[ed] [Plaintiff's] return to Haiti." (*Id.*) In support of his second claim for relief, Plaintiff alleged that a "representative from the gay community [is being used] to drive [him] out of every American establishment." (*Id.* at 5.) Plaintiff then suggests he has been injected with sedatives and that "mind conversations [are] leading [him] to homosexuality by hits, force destroying [his] property, death threats, being jumped by Mexicans in Seattle because [he] refused to submit." (*Id.*) Under his third claim for relief, Plaintiff alleges that John MacArthur and Gabrielle Franklin want to make Plaintiff their slave and keep him "under white supremacy and homosexual to never marry or have a family or church ministry of [his] own." (*Id.*) In terms of relief, Plaintiff requests, among other things, that "MacArthur/ Franklin & gays" replace several vehicles they destroyed.

In short, the court has determined that the facts alleged in Plaintiffs complaint "rise to the level of irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Plaintiff's complaint should therefore be dismissed.

///

Page 3 - FINDINGS AND RECOMMENDATION

**Conclusion**

For the reasons set forth above, Plaintiff's complaint is frivolous and should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Because it is apparent from the face of the complaint that the deficiencies cannot be cured by amendment, dismissal of the complaint should be with prejudice. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987). In addition, the court should certify that any appeal from the dismissal of this proceeding would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**Scheduling Order**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **February 13, 2013.** The Findings and Recommendation will go under advisement on **February 13, 2013**.

Dated this _25th_ day of January, 2013.

                        s/ Dennis J. Hubel
                        DENNIS J. HUBEL
                        United States Magistrate Judge